IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02713-WJM-MEH

JOSHUA LAMONT SUTTON,

      Plaintiff,

v.

SGT. RACINE, in his individual and official capacities,
DEPUTY JESSE VARGAS, in his individual and official capacities, and
DEPUTY JASON JAPHET, in his individual and official capacities,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to the Court's Order to Show Cause regarding Plaintiff's failure to appear at the Scheduling Conference held in this case on January 31, 2012, and Plaintiff's failure to respond to Defendants' motion to dismiss. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**. In light of this recommendation, the Court also recommends that Defendants' Motion to Dismiss [filed January 10, 2012; docket #25] be **denied as moot**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the

## I.     Background

On October 18, 2011, Plaintiff initiated this lawsuit *pro se*.  (Docket #1.)  His complaint asserts claims against Defendants Racine, Vargas, and Japhet pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985, and 42 U.S.C. §1986.   (*Id.* at 3.)  In particular, Plaintiff contends that Defendants violated his Fifth and Fourteenth Amendment rights by arresting him for second degree trespass, imprisoning him for ten days, subjecting him to physical violence during his detention, and denying him emergency medical treatment.  (*Id.* at 3-4.)

 In response to the Complaint, Defendants filed a motion to dismiss on January 10, 2012, presently pending before the Court.  (Docket #25.)  Plaintiff's response to the motion to dismiss was due on or before January 31, 2012, and the Court issued a minute order to that effect.  (Docket #27.)  On January 31, 2012, Plaintiff filed a motion for extension of time.   (Docket #29.)   Although Plaintiff did not specify which deadline he sought to extend, Plaintiff did represent that he had not received any answer or motions filed by Defendants.  (*Id.*)  Upon review of the Certificate of Service attached to Defendants' motion to dismiss, the Court noted that Defendants mailed their motion to the wrong address.  Despite Plaintiff's Notice of Change of Address [docket #8] filed on November 9, 2011, Defendants mailed their motion to the correctional facility in which Plaintiff was previously incarcerated.  (*See* docket #25,8.)  Because Plaintiff's failure to receive Defendants' motion to dismiss was due to Defendants' error, the Court granted Plaintiff a thirty-day extension of time within which to file a response.  (Docket #33.)  Pursuant to the extension, Plaintiff's response to

---

aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Defendants' motion to dismiss was due on or before March 1, 2012.  (*Id.*)  As of this date, Plaintiff

has filed no response.

Concurrently with the minute order granting Plaintiff an extension of time, the Court also

issued an Order to Show Cause in light of Plaintiff's failure to appear at the Scheduling Conference

held in this case on January 31, 2012.  (Docket #35.)  As described in the Order, the Court made

several attempts to contact Plaintiff during the Scheduling Conference.  First, the Court called the

Posada homeless shelter located at 1010 North Grand Avenue, Pueblo, Colorado, 81003.[2]  (*Id.*)  The

Court spoke with two representatives from Posada, both of whom indicated that Plaintiff did not

currently reside at the facility although he had in the distant past.  (*Id.*)  The Court then attempted

to contact Plaintiff at the telephone number listed in Plaintiff's Notice of Change of Address [docket

#8].  (*Id.*)  Upon dialing the number, the Court was connected to a hotel where Plaintiff was no

longer a guest.  (*Id.*)  In addition to the Court's inability to reach Plaintiff by telephone, the Court

also noted that mail sent to Plaintiff's address has been returned as undeliverable.  (*Id.*)  Although

Plaintiff's motion for extension of time indicated that he continued to reside at the Pueblo address

[docket #29], the Court expressed its skepticism of this assertion in light of its failed attempts to

reach Plaintiff at the Posada shelter by phone or mail.  (*Id.*)  In its Order to Show Cause, the Court

instructed Plaintiff to file with the Court a response in writing as to why he should not be sanctioned

for failure to appear at the Scheduling Conference and why the Court should not recommend

dismissal of his case for failure to prosecute.  (*Id.*)  Plaintiff's response was due on or before

February 14, 2012.  (*Id.*)  To date, Plaintiff has not submitted a response, in contravention of this

---

[2]The facility informed the Court that the correct address is 1008 North Grand Avenue, although the 1010 address is used extensively on the internet in connection with the facility and was used by Plaintiff in this lawsuit.

Court's direct order.

## II.   Discussion

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence.  Plaintiff was ordered to respond to the Order to Show Cause and to Defendants' motion to dismiss, but failed to do so within the required time frame. Additionally, Plaintiff has made no request for an extension of time within which to file the responses.  Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008)  (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to appear at the Scheduling Conference adversely impacted Defendants by preventing the Court from issuing a scheduling order and delaying Defendants' ability to conduct discovery and defend claims raised against them. Also, Plaintiff's failure to respond to Defendants' motion to dismiss despite a lengthy extension of time impedes the Court's ability to review both parties' pleadings and reach a fair and just conclusion concerning Plaintiff's claims. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice. Plaintiff's non-compliance with the judicial process by failing to appear at scheduled settings and failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the Order to Show Cause and to Defendants' motion to dismiss. The record of Plaintiff's failures to respond and participate in the litigation leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the Court's Order to Show Cause asked Plaintiff to explain why the Court should not recommend dismissal of his case for failure to prosecute. Although the Court concedes that this is not an explicit warning, the Court believes it was sufficient to place Plaintiff on notice that dismissal of the case was a likely sanction for non-compliance. The fourth factor is satisfied, albeit less definitively than the first three.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court

recommends dismissal without prejudice.  Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases.  *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby*, 351 F.3d at 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to appear at the Scheduling Conference, failure to comply with the January 31, 2012, order instructing him to submit a response to Defendants' motion to dismiss, and failure to respond to the Court's January 31, 2012, Order to Show Cause or to properly request an extension of time within which to respond if he was unable to do so in a timely fashion.  For these reasons, dismissal without prejudice of this action is warranted.

## III.   Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I hereby RECOMMEND that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action and for Plaintiff's failure to comply with the Court's orders.  Accordingly, the Court also RECOMMENDS that Defendants' Motion to Dismiss [filed January 10, 2012; docket #25] be **denied as moot**.

Dated at Denver, Colorado, this 8th day of March, 2012.

6

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge